No. 15-6286 & 16-5116

IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

**RODERICK ROBERTSON and
LETITIA ROBERTSON**

**Plaintiffs- Appellants**

**VS.**

**US BANK, N.A. AS TRUSTEE
FOR RESIDENTIAL ASSETS SECURITIES
CORPORATION, HOME EQUITY MORTGAGE
ASSET-BACKED PASS THROUGH CERTIFICATES
SERIES 2006-EMX3,
WILSON & ASSOCIATES, PLLC,
RESIDENTIAL ASSETS SECURITIES
CORPORATION, HOME EQUITY MORTGAGE
ASSET-BACKED PASS THROUGH CERTIFICATES
SERIES 2006-EMX3**

**Defendants-Appellees**

## CONSOLIDATED BRIEF OF THE APPELLANT

This matter is appealed from the United States District Court for the Western

District of Tennessee.

This Brief is filed by:

Drayton D. Berkley
119 South Main Ste 500
Memphis, TN 38103
Telephone Number: 901-322-8706
Facsimile Number: 901-881-0316

i

## CORPORATE DISCLOSURE STATEMENT

The appellant, Roderick Robertson and Letitia Robertson, are natural persons and not corporate entities.

## TABLE OF CONTENTS

Page Numbers

Corporate Disclosure Statement……………………………… i

Table of Contents. …………………………………………….. ii

Table of Authorities ……………………………………… ii-vii

Request for Oral Argument ………………………………… vii

Statement of Jurisdiction………………………………………1

Statement of the Issues ……………………………………... 2-3

Statement of the Case …………………………………………3-6

Summary of Argument…………………………………………6

Argument………………………………………………….....7-19

Conclusion ……………………………………………….....19

Certificate of Compliance …………………………………19

Addendum ……………………………………………………21-22

## Table of Authorities

A. Cases

*Aqualon v. MAC Equipment, Inc.,* 149 F.3d 262 (4th Cir. 1998)…………8

*Banks v. Housing Authority of DeKalb County*, 2014 WL 3239165

(N.D.Ga. July 9, 2014).............................................................8

*Begala v. PNC Bank, Ohio*, 163 F.3d 948 (1998)............................13

*Barrett v. JP Morgan Chase Bank*, 445 F.3d 874 (6th Cir. 2006)...........13

*Bluegrass Hosiery, Inc., v. Spiezman Industries, Inc.*,

214 F.3d 770 (6th Cir. 2000) ...............................................18

*Bowers v. Wynne*, 615 F.3d 455 (6th Cir. 2010).............................n3

*Brainard v. American Akandia Life Assurance Corp.* 432 F.3d 655

(6th Cir. 2005) ................................................................10

*Branham v. Thomas M. Cooley Law School*,

689 F.3d 558 (6th Cir. 2012).     ...........................................n3

*Brierly v. Alusuissee Flexible Packaging, Inc.*, 184 F.3d 527

(6th Cir. 1999)...................................................................7

*Chicago, R.I. & P Ry. Co. v. Martin*, 178 U.S. 245

(1900)...............................................................................7

*Cenat v. US Bank, N.A.* 930 F.Supp. 2d 1347 (S.D. Florida 2013).............14

*Chevron, U.S.A. v. Natural Resources Defense Council, Inc.*,

467 US 837

(1984)...........................................................................16

*CitiMortgage v. Drake*, 2013 WL 655914

(Tenn. Ct. App. February 21, 2013) ………………………………………n7

*CTS Corporation v. Waldburger*, 134 SCt 2175  (2014)……………….....15

*DBI Architects v. American Express Travel Related Services*,

388 F.3d 886 (D.C. 2004) ……………………………………………………..15

*Dobrowiak v. Convenient Family Dentistry , Inc*., 315 Fed. Appx 580

 (6th Cir. 2009)……. …………………………..……………………………2, 11

*Fambrough v. Wal-Mart Stores, Inc*., 2015 WL 2167612

(6th Cir. May 11, 2015) ………………………………………………....2, 11

*Gillie v. Jones,* 783 F.3d 1091, 1098 (6th Cir. 2015) ……………………13

*Guesthouse International, LLC v. Shoney's North America Corp*, 330 S.W.3d 166

(Tenn. Ct. App. 2009)………………………………………..... n7

*Hescott, v. City of Saginaw*, 755 F.3d 518 (6th Cir. 2014) ………………...17

*Household Credit Services v. Pfenning*, 541 US 232 (2004) …….……... n6

*Hughes v. McCarthy*. 734 F.3d 473

(6th Cir. 2013) …………………………………………………………..14

*In re Arctic Express*, 636 F.3d 781 (6th Cir. 2011) ………………………..15

*Jesinoski v. Countrywide Home Loans*, 13-684

(United States Supreme Court January 13, 2015)…………………………16

*Loftis v. United Parcel Service, Inc*., 342 F.3d 509

(6th Cir. 2003)………………… ………………………………………….........7

iv

*Marais v. Chase Home Finance LLC*, 736 F.3d 711

(6th Cir. 2013) …………………………………………………………..13, 14

*Michigan Supervisors Office & Professional Employees Intern Union v. Michigan*

*Department of Corrections,* 61 F.3d 904

(6th Cir. 1995)…………………………………………………………13

*Misewicz v. City of Memphis*, 771 F.3d 332 (6th Cir. 2014) ………………..14-16

*Regis Assoc. v. Rank Hotels (Mgmt) Ltd.*, 894 F2d 193 (6th Cir. 1990) ……..8

*RL BB Acquistion LLC, v. Bridgemill Commons Development Group, LLC,* 754

F.3d 380 (6th Cir. 2014)……………………………………………………16

*Sollitt v. KeyCorp*, 09-4143 & 10-3408

(6th Cir. February 1, 2012).  …………………………………… ………....7

*Tolan v. Cotton*, 134 S.Ct. 1861 (2014) ……………………….. ……....10-11

*Union Oil Company v. Service Oil Company, Inc.*,

766 F.2d 224 (6th Cir. 1985)……………………….…. ……………….. 1

*United States v. Martin*, 920 F.2d 399 (6th Cir. 1999) ……………..……… 2, 12

*United States v. Universal Management Services*,

191 F.3d 750 (6th Cir. 1999) ………………………………………….....2

*Vision Processing, LLC v. Groves*, 705 F.3d 551 (6th Cir. 2013)…………..14

*Watkins v. Simmons and Clark, Inc.*, 618 F.2d 398

(6th Cir. 1980)…………………………………………………………..18

*Westwood v. Fronk*, 177 F.Supp. 2d 536 (N.D. WVa.

2001)...…………………………………………………........................8

*Wheeling-Pittsburgh Steel Corporation v. Mitsui*, 221 F.3d 924

(6th Cir. 2000) …………………………………………………..14

*W.C. Early v. Williams*, 186 S.W. 102 (Tenn. 1916) ……………………19

*Western Décor Furnishings, Inc., v. Bank of America National Trust and Savings

Association*,  91 Cal. App. 3d 293 (Cal. App. 4th  1979) ……….. n9

*Westoak Realty  & Investment v. Hernandez*, 682 S.W.2d 120

(Mo. App. 1984) …………………………………………………...18

B.    Statues

15 USC § 1635 ……………………………………………….n5, 15

15 USC § 1641 ……………………………………………..2,3,14-16

28 USC § 1291…………………………………………….. 1

28 USC § 1331……………………….. …………………………. 1

28 USC § 1446………………………... ……………………… 8

Tenn. Code Ann. § 47-9-601 ……………………………...........17

Tenn. Code Ann. §47-9-609……………………………………….n8

  C.   Regulations

12  CFR § 226.39 ……………………………………………n6, 3, 15-16

D. Rules

FRCP 56............................................................................10

FRE 803 .......................................................................11-12

TRCP 12.02 ........................................................................n4

TRCP 41.02 ........................................................................n4

## REQUEST FOR ORAL ARGUMENT

The Robertsons request oral argument for this matter.   The Court should grant oral argument because the waiver of the right to exercise removal implicates the  limited jurisdiction of the federal district courts and the application of the compulsory-counterclaim rule in the context of foreclosure should be resolved.

## STATEMENT OF JURISDICTION

The federal district court asserted federal question subject matter jurisdiction of the federal claims at issue in this appeal pursuant to 28 USC § 1331 due to the presence of a TILA claim.    (RE 16, Page ID#260, Order and RE 32, ID# 438, Memorandum).   The Appellants contest that the district court had federal question subject matter jurisdiction.

This court has apparent appellate subject matter jurisdiction pursuant to 28 USC § 1291 in light of the district court's grant of summary judgment in favor of US Bank.    The district court's order constitutes a final appealable order.  *Union Oil Company v. Service Oil Company, Inc.*, 766 F.2d 224, 228 (6th Cir. 1985).    However, in the event this Court determines that the district court lacked subject matter jurisdiction, then this court also lacks jurisdiction.

The district court's judgment disposing of all the parties' claims was entered on October 20, 2015.  RE 33, Page ID# 475.   The notice of appeal filed on November 17, 2015 is timely.  RE 34, Page ID# 476.    The amended notice of appeal , RE 41, Page ID# 503-504, extends this Court's subject matter jurisdiction to the issue of whether US Bank's failure to assert a compulsory counter-claim extinguishes its rights to pursue any remedies.

*United States v. Universal Management Services*, 191 F.3d 750, 757 (6th Cir. 1999).

## STATEMENT OF ISSUES

1. The district court erred in failing to find that Wilson & Associates waived the right to remove this case to the district court.

2. The district court erred in failing to remand this matter to state court for violation of the rule of unanimity.

3. The district court failed to find that Alisha Mulder's affidavit was conclusory and contravened the legal requirements established by *Fambrough v. Walmart Stores, Inc.*, 2015 WL 2167612 (6th Cir. May 11, 2015), *Dobrowiak v. Convenient Family Dentistry, Inc.*, 315 Fed. Appx. 580 (6th Cir. 2009) and *United States v. Martin*, 920 F.2d 393 (6th Cir. 1999).

4. The district court erred in finding that Mulder's affidavit was sufficient to authenticate the documents it relied upon to grant summary judgment.

5. The district court erred in finding that the disclosures required by 15 USC §1641(g) are not material.

6. The district court erred in failing to find that the right of rescission does not extend to claims arising under §1641(g)

7. The district court erred in finding that US Bank's claims had not

2

been extinguished by the compulsory-counterclaim rule.

## STATEMENT OF THE CASE

This civil action arises out of a mortgage foreclosure action initiated in state court.

On August 29, 2003, the Robertsons acquired their residence. RE 1-1, Page ID# 23 ("Amended Complaint").

On December 23, 2005, the Robertsons refinanced their residence. RE 1-1, Page ID#, 23 ("Amended Complaint).

On July 16, 2012, Mortgage Electronic Registration Services, Inc. purportedly assigned the Deed of Trust and Promissory Note to US Bank, N.A. as Trustee or RASC 2006-EMX3. RE 1-1, Page ID#27 ("Amended Complaint"), RE 32, Page ID#435 ("Memorandum").

On July 9, 2014, the Robertsons transmitted a Notice of Rescisson pursuant to 15 USC §1641(g) and 12 CFR § 226.39. RE 32, Page ID#436.

On August 8, 2014, the Robertson's filed their First Amended Complaint. DE 1-1, Page ID# 21("Amended Complaint")

On August 15, 2014, Wilson & Associates, PLLC filed its Objection to the Motion for Temporary Injunction[1] in state court.     RE 1-2, Page ID# 131-136("Objection").

On August 22, 2014, Wilson & Associates, PLLC filed its response to the Robertsons' Motion Deem Portions of their Verified Complaint admitted in state court. RE 1-2, Page ID # 176-179 ("Response").

On the morning of August 29, 2014, Wilson and Associates filed its Verified Denial and an Answer in state court.     RE 7-1, Page ID# 213-223 ("Verified Answer")

Later the same day of August 29, 2014, the US Bank, N.A. invoked the Court's federal question jurisdiction and diversity jurisdiction and removed the case here.     RE 1, Page ID# 1-5 ("Notice of Removal").

On September 4, 2014, US Bank filed its Answer but did not assert a counter-claim.     RE 4, Page ID# 192-199 ("Bank Answer").

On September 9, 2014, Wilson & Associates, PLLC filed its consent to removal. RE 16,  Page ID # 259 ("Order").

---

[1] Wilson & Associates requested that the state court: (1) dissolve the restraining order (2) deny the temporary injunction (3) find that Plaintiffs did not have standing to challenge the assignments of the deed of trust, securitization, or the application of the suspension order.  RE 1-2, Page ID# 131-136

4

On October 10, 2014, the district court denied the Robertson's Motion to Remand.   RE 16, Page ID# 258-263 ("Order").

On May 29, 2015, US Bank filed the affidavit of Alisha Mulder in support of its motion for summary judgment. RE 24-1, Page ID# 258-263 ("Affidavit").   At no time, did Mulder state she was familiar with US Bank's, MERS', EMAX Financial Group LLC's, Mortgage Lender Networks USA, Inc's, or Residential Funding Corporation' record keeping practices.   RE 24-1, Page ID# 258-263 ("Affidavit").   Mulder also does not state that Wells Fargo's record keeping practices establish incorporation of third-party documents or that Wells Fargo relies upon these documents.   RE 24-1, Page  ID# 258-263 ("Affidavit").   Mulder also does not state that she had knowledge of the transaction(s).      RE 24-1, Page ID# 258-263 ("Affidavit").

Mulder's affidavit contains not documents to substantiate that (a) she is an  authorized signer (b) Ocwen is a servicer and (c) Wells Fargo is a sub-servicer are all such as (a) a written authorization (b) servicing agreement between Ocwen and US Bank and (c) sub-serving agreement between Wells Fargo and Ocwen.    RE 24-1, Page ID# 258-263 ("Affidavit").

The district court granted US Bank's motion for summary judgment on October 20, 2015.   RE 32-33, Page ID# 430-475 ("Memorandum and

5

Order").

On January 6, 2016, the district court denied US Bank's motion to compel the Robertsons to post supersedeas bond but declined to find that US Bank's claims had been extinguished by the compulsory counter-claim rule. RE 40, Page ID# 500-502.

The Robertsons bring this matter here by notice of appeal filed on November 17, 2015, RE 34, Page ID# 476, and amended notice of appeal filed on January 31, 2016, RE 41, Page ID# 503-504.

## SUMMARY OF THE ARGUMENT

The district court erred in exercising federal question removal jurisdiction thus all orders should be vacated and this matter remanded to the state court for further proceedings.    The affidavit of Alishia Mulder fails to meet the Sixth Circuit standards for affidavits in support of motions for summary judgment and thus the affidavit should be stricken and the motion for summary judgment denied.    The district court erred in failing to find that the specific TILA regulations regarding the right of rescission control over general TILA regulations.  Finally, the district court failed to find that US Bank's claims were extinguished by the compulsory counterclaim rule.

## ARGUMENT

*A.*    **Appellees waived the right to remove this matter from state court to federal Court.**

1.    Standard of Review for  Removal and Subject MatterJurisdiction[2]

In *Sollitt v. KeyCorp*, 09-4143 & 10-3408 (6th Cir. February 1, 2012). the Court held that the standard of review for a district court's removal and subject matter jurisdiction determinations are *de novo*[3].  Removal statutes are strictly construed.  Id.  All doubts are resolved in favor of remand.  *Id.*

2.    Waiving the Right to Remove

In *Chicago, R.I. & P Ry. Co. v. Martin,* 178 U.S. 245 (1900), the United States Supreme Court held that the rule of unanimity applied to all removal actions whether based on federal question or diversity.  In *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003), the Sixth Circuit Court of appeals held that all defendants must join in the petition to remove or file their consent to the petition to remove.  Removal rights lapse thirty (30) days after the last-served defendant receives process.  *Brierly v. Alusuissee Flexible Packaging, Inc.*, 184 F.3d 527, 532-34 (6th Cir. 1999).

---

[2] The *de novo* standard of review will apply to all issues tendered for review to the Court.

[3] In the general context, the Court reviews a district court's conclusions of law or legal standards *de novo*.  *Branham v. Thomas M.  Cooley Law School*, 689 F.3d 558, 561-62 (6th Cir. 2012).    The Court reviews the district court's application of law to fact *de novo* as well.  *Bowers v. Wynne*, 615 F.3d 455, 457 (6th Cir. 2010).

7

The rule was restated in 28 USC § 1446 (b)(2)(A). On the other hand, any defendant's waiver of the right to remove is binding on all. *Westwood v. Fronk*, 177 F.Supp. 2d 536, 542-544 (N.D. WVa. 2001).

In *Regis Assoc. v. Rank Hotels (Mgmt) Ltd.*, 894 F2d 193, 195 (6th Cir. 1990), the Sixth Circuit held that the right to remove can be waived. In *Aqualon v. MAC Equipment, Inc.,* 149 F.3d 262, 264 (4th Cir. 1998), the Fourth Circuit held that substantial defensive actions taken prior to the filing of the notice of removal can constitute waiver of the right to remove. In *Banks v. Housing Authority of DeKalb County*, 2014 WL 3239165, Slip. Op. at 2-3 (N.D.Ga. July 9, 2014), the Northern District of Georgia held that when any defendant takes actions in state court that may result in disposition on the merits either in whole or in part of a state court claim this constitutes evidence of an intent to litigate on the merits in state court.

3. Wilson  & Associates PLLC's August 15, 2014 Objection and other pre-removal filings sought a disposition of some of the merits of Appellants claim either in whole or in part

Applying the foregoing authority, this Court should find that Wilson & Associates PLLC waived its rights to removal and this waiver became binding upon US Bank, N.A. On August 15, 2014, Wilson & Associates sought a dismissal of portions of the Plaintiffs claims. RE 1-2, Page ID#

131-136 ("Objection"). The Objection went far beyond simply answering the Complaint. RE 1-2, Page ID# 131-136 ("Objection"). Wilson & Associates PLLC requested that the state court: (1) dissolve the August 8, 2014 restraining order (2) deny the temporary injunction that was set for hearing on August 25, 2014 (3) find that Plaintiffs did not have standing to challenge the assignments of the deed of trust[4], securitization, or the application of the suspension order. RE 1-2, Page ID# 131-136 ("Objection"). On August 22, 2014, Wilson & Associates contested Plaintiff's requested findings that it had judicially admitted several portions of the Plaintiffs complaint. RE 1-2, Page ID# 176-179 ("Objection"). Finally, On August 29, 2014, Wilson & Associates filed a Verified Denial requesting the Court find that its role was limited to trustee and thus it should be dismissed from this civil action prior to US Bank, N.A. filing the Notice of Removal. RE 7-1, Page ID# 213-223 ("Bank Answer")

In sum, Wilson & Associates PLLC took substantial voluntary defensive action in state court. This constituted a clear manifestation of intent to remain in state court. Wilson & Associates pre-removal actions waived its and US Bank's right to remove.

---

[4] This is a thinly disguised motion for failure to state a claim pursuant to TRCP 12.02(6) for at least a portion of the Plaintiff's claims. TRCP 12.02(6) orders are dispositions on the merits pursuant to Tennessee law. TRCP 41.02(2).

Thus, the August 29, 2014 Notice of Removal was defective and the September 5, 2014 Consent to Removal was defective.   The district court lacked federal question removal jurisdiction and federal diversity removal jurisdiction due to the Defendants defective removal procedure. Accordingly, the Appellants request that this Court reverse the Order Denying Remand, vacate all other rulings, reinstate the restraining order, and remand this matter to the Chancery Court of Shelby County, Tennessee for further proceedings.

### B.   Alisha Mulder's Affidavit was insufficient to support US Bank's Summary Judgment Motion.

1.   The Sixth Circuit Summary Judgment Evidence Standard

In *Brainard v. American Akandia Life Assurance Corp.* 432 F.3d 655, 667-668 (6th Cir. 2005), the Sixth Circuit articulated the standard currently codified at Rule 56(c) that all motions for summary judgment must set forth facts that would be admissible into evidence.   A motion to strike should be granted for inadmissible material supporting a summary judgment motion and should be ruled upon before proceeding to consider a summary judgment motion. *Id.* at 667;  Moreover, all evidence is reviewed in the light most favorable to the non-movant and all factual inferences are drawn in favor of the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1865-68

(2014).    A court misapprehends summary judgment standards when it

attempts to credit or weigh testimony or other evidence in favor of the

movant.    *Tolan*, 1867-68.

2.    Sixth Circuit Standards for Rule 56 Affidavits

In *Fambrough v. Wal-Mart Stores, Inc.*, 2015 WL 2167612 (6th Cir.

May 11, 2015), the Sixth Circuit Court of Appeals held that all the

requirements of 803(6) must be satisfied prior to admission of an entity'(s)

business records into evidence including:  (a)  must have  been kept in the

course of regularly conducted business activity (b) must have been kept in

the regular course of the business in question (c) must have  been the regular

practice of business  to generate the document and (d) the document must

have been made by a person with knowledge of the transaction or from

information transmitted by the person.     Importantly, when the business

attempts to incorporate documents prepared by third parties into their

business records it must lay a foundation with  testimony of a witness with

first-hand knowledge of the record-keeping practices  that establish

incorporation of third-party documents and reliance upon third-party

documents. *Id*. at 8

In *Dobrowiak v. Convenient Family Dentistry , Inc.*, 315 Fed. Appx

580, 584 (6th Cir. 2009), the Sixth Circuit held that papers referred to in an

11

affidavit must be attached to or served with the affidavit.  Moreover, in

*United States v. Martin*, 920 F.2d 393,  397-98, n.3 (6th Cir. 1999), the Sixth

Circuit held that to prove the contents of a writing, recording, or photograph

requires production of the document.

    3.  <u>Alisha Mulder's Affidavit is conclusory and should be stricken</u>

    Applying the foregoing standards, Mulder's affidavit is conclusory

and should be stricken.  At no time, does Mulder state she is familiar with

US Bank's, MERS', EMAX Financial Group LLC's, Mortgage Lender

Networks USA, Inc's, or Residential Funding Corporation' record keeping

practices.  RE 24-1 Page ID# 258-263.  Mulder also does not state that

Wells Fargo's record keeping practices establish incorporation of third-party

documents or that Wells Fargo relies upon these documents.  RE 24-1  Page

ID# 258-263  Mulder also does not state that she had knowledge of the

transaction(s).      RE 24-1 Page ID# 258-263

    Moreover, Mulder's affidavit contains not documents to

substantiate that (a) she is an  authorized signer (b) Ocwen is a servicer and

(c) Wells Fargo is a sub-servicer are all such as (a) a written authorization

(b) servicing agreement between Ocwen and US Bank and (c) sub-serving

agreement between Wells Fargo and Ocwen.   RE 24-1 Page ID# 288-263.

Thus, Mulder's affidavit fails under Rule 803(6).  Appellants request this

Court to reverse the district court order denying the Motion to Strike, RE 32, Page ID# 442-43, strike the affidavit and exclude US Bank's exhibits in support of its summary judgment motion.    In turn, the motion for summary judgment should be denied.

C.    **15 USC §1641(g) extends Assignee liability for rescission to failure to disclose Assignment of the note or debt**

1.    Standard of Review for Construction of Statutes and Regulations

In *Gillie v. Jones,* 783 F.3d 1091, 1098 (6th Cir. 2015), the Sixth Circuit held that issues of statutory construction are reviewed *de novo*.    In *Michigan Supervisors Office & Professional Employees Intern Union v. Michigan Department of Corrections*, 61 F.3d 904 (6th Cir. 1995), the Sixth Circuit held that issues of regulatory construction are reviewed *de novo*.

2.    TILA Principles

In *Marais v. Chase Home Finance LLC*, 736 F.3d 711, 714 (6th Cir. 2013) and *Begala v. PNC Bank, Ohio*, 163 F.3d 948, 950 (1998), the Sixth Circuit held TILA is liberally construed in favor of the consumer and requires strict compliance by creditors.    In *Barrett v. JP Morgan Chase Bank*, 445 F.3d 874 (6th Cir. 2006), the Sixth Circuit Court of Appeals held that the consumer retained the right to rescind the security instrument and the underlying debt for failure to comply with TILA disclosure

13

requirements.    Assignees remain liable for rescission.    *Marais*, Id. at 716.

15 USC § 1641(c)[5].    Disclosures also include post-assignment disclosures.

*Marais*, Id. at n.4.; *Cenat v. US Bank, N.A.* 930 F.Supp. 2d 1347 (S.D.

Florida 2013).

In *Wheeling-Pittsburgh Steel Corporation v. Mitsui*, 221 F.3d 924,

927 (6th Cir. 2000), the Sixth Circuit Court of Appeals held that statues

dealing with the same subject should be interpreted *in pari materia*.    In

*Vision Processing, LLC v. Groves*, 705 F.3d 551, 559 (6th Cir. 2013), the

Sixth Circuit held that a later statute operates as an implicit repeal of an

earlier statute to the extent of any irreconcilable conflict between the two

provisions.    Accordingly, §1641(g) operates to repeal conflicting sections of

TILA.    §1641(g) specifically incorporates post-assignment transfers into

the TILA disclosure requirement structure and thus controls over conflicting

general provisions of the TILA statute.    *Hughes v. McCarthy*. 734 F.3d 473

(6th Cir. 2013).    Furthermore, specific regulations control over general

regulations.    *Misewicz v. City of Memphis*, 771 F.3d 332, 337-38 (6th Cir.

2014).

§1641(g) provides in material part that "In addition to any other

---

[5] Rescission is available in addition to damages.    15 USC § 1635(g)

disclosures required by this subchapter, not later than 30 days after the date on which the mortgage is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" 12 CFR § 226.39(d)(3)[6] provides in material part that " The disclosures required by this section shall identify the loan that was sold, assigned, or otherwise transferred and state the following. …. The name, address, and telephone number of an agent or party authorized to <u>receive the right</u> to rescind and resolve issues concerning the consumer's payments on the loan" (emphasis supplied).    Plain and unambiguous regulations are construed as written.    *In re Arctic Express*, 636 F.3d 781 (6th Cir. 2011).    However, ambiguous TILA regulations, Regulation Z, are liberally construed in favor of the consumer.    *DBI Architects v. American Express Travel Related Services*, 388 F.3d 886 (D.C. 2004)    Thus, pursuant to the foregoing authority, a transaction is not consummated pursuant to §1635(f) until the 30 day period to disclose the very last assignment of the very last new assignee owner of the debt has expired.    Moreover, *CTS Corporation v. Waldburger*, 134 SCt 2175, 2183 (2014) establishes that statutes of repose such as §1635(f) run from the last culpable act or omission.    In the context of a post-closing assignment, this

---

[6]12 CFR § 226.39 is a binding regulation.    *Household Credit Services v. Pfenning*, 541 US 232 (2004)

would occur three years after the last assignment. *Jesinoski v. Countrywide Home Loans*, 13-684 (United States Supreme Court January 13, 2015) holds that TILA rescissions are operative upon the transmission of the notice.

3.    Application of Standards

Applying the foregoing authority, the district court erred in finding that the disclosures required by §1641(g) and § 226.39 did not constitute material disclosures entitling Appellants to a right of rescission. RE32, ID#459-466.    §1641(g) and § 226.39 are specific statutory and regulatory provisions dealing with the disclosure obligations of the new assignees and specifically reference the right to rescind.    Consistent with *Misewicz,* these specific provisions control over any other general provisions.    Moreover, §1641(g) articulates a clear Congressional intent to render disclosures of transfers material and thus any conflicting regulations and the Court's construction are erroneous.    *Chevron v. National Resources Defense Council, Inc.*, 467 US 837, 842, n.9 (1984); *RL BB Acquistion LLC, v. Bridgemill Commons Development Group, LLC,* 754 F.3d 380, 384 (6th Cir. 2014). The Robertsons exercised their rescission rights timely.    Pursuant to *Jesinoski*, rescission became effective on July 9, 2014.    Thus, this Court should reverse the district court's construction of §1641(g) and § 226.39 in light of Sixth Circuit precedent and find that the rescission was effective.

**D. US Bank's claims have been extinguished by the compulsory counter-claim rule.**

1.    Standard of Review for Construction of Rules of Civil Procedure.

In *Hescott, v. City of Saginaw*, 755 F.3d 518, 522 (6th Cir. 2014), the Sixth Circuit held that the standard of review for legal interpretations of the rules of civil procedure are reviewed *de novo*.

2. Breach of Contract is the Claim that underlies any foreclosure proceeding

Non-judicial foreclosure or power of sale foreclosure is a contractual remedy for breach of an underlying contract[7].    The underlying breach of contract action constitutes a claim.  *See* Tenn. Code Ann. §47-9-601 (Analogous UCC provision clearly indicates the underlying breach or default[8] constitutes a claim).

3.  The Compulsory-counterclaim Rule standards and application to case at bar

---

[7] *CitiMortgage v. Drake*, 2013 WL 655914 (Tenn. Ct. App. February 21, 2013), Slip Op. at 7-8.  The judicial remedies for breach of contract include damages, specific performance, and restitution.  *Guesthouse International, LLC v. Shoney's North America Corp*, 330 S.W.3d 166 (Tenn. Ct. App. 2009).

[8] Tenn. Code Ann. §47-9-609(b)(2) authorizes a creditor to seize collateral without judicial process ("self-help").  This is analogous to non-judicial or power of sale foreclosure.

17

In *Bluegrass Hosiery, Inc., v. Spiezman Industries, Inc.*, 214 F.3d 770, 772-773 (6th Cir. 2000), the Sixth Circuit Court of Appeals held that the compulsory counterclaim rule applies when an Answer is served and the counter-claim arises out of the same transaction as the claim.    In *Watkins v. Simmons and Clark, Inc.,* 618 F.2d 398, n12 (6th Cir. 1980), the Sixth Circuit followed the Fifth Circuit held that an alleged consumer default is a compulsory counter-claim to a TILA claim.

In analogous circumstances, in *Westoak Realty  & Investment v. Hernandez*, 682 S.W.2d 120 (Mo. App. 1984), the Missouri Court of Appeals held that a promissory noteholder's claims were compulsory counter-claims to a maker's claim to enjoin or set aside a power of sale foreclosure.   As a result, the noteholder's claim that it was excused from filing a compulsory counter-claim based on the breach of the underlying promissory note due the availability of non-judicial foreclosure based on the same promissory note was rejected by the court as "illogical".  *Id.*  at 122-23.

US Bank's rights to the underlying contract or promissory note were extinguished by the operation of the compulsory counter-claim rule[9] because

---

[9] *See Western Décor Furnishings, Inc., v. Bank of America National Trust and Savings Association*, 91 Cal. App. 3d 293, n.6 (Cal. App. 4th  1979)

US Bank failed to assert a counter-claim in its answer, RE 4, Page ID# 192-199, and a the Court has entered a final judgment on the matter, RE 33, Page ID# 475 .

The mortgage or deed of trust securing the debt is a mere incident. *W.C. Early v. Williams*, 186 S.W. 102 (Tenn. 1916).    The extinction of the debt constitutes an extinction of the mortgage or deed of trust.  Thus, this Court should find that US Bank has no right to proceed with foreclosure or any other contract remedy.

## CONCLUSION

The Robertsons requests this Court reverse the order of remand, vacate all other rulings, reinstate the restraining order, and remand this matter to state court.   In the alternative, this Court should reverse the grant of summary judgment and find that the Robertsons' exercise of their TILA rescission rights was effective.   Furthermore, US Bank's rights have been extinguished by the compulsory counter-claim rule.

/s/ DRAYTON D. BERKLEY

## CERTIFICATE OF COMPLIANCE

This brief complies with the type volume limitation and contains less than 4,000.00  (3,945) words.

---

(Creditor cross-claim compulsory for Debtor claims based on same transaction or series of transactions).

Respectfully Submitted,

/s/ Drayton D. Berkley
**DRAYTON D. BERKLEY, ESQ.**
**(BPR 022601)**
119 South Main, Suite 500
Memphis, Tennessee  38103
Telephone:  (901) 322-8706
Fax:  (901)  881-0316
e-mail:attorneyberkley@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been

served upon counsel for the defendants in the U.S. Mail, first class postage

paid, or e-mail and properly addressed or hand-delivery to:


Mr. Bradley Trammell, Esq.
Mrs. Kavita Shelat, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
2000 First Tennessee Building
165 Madison Avenue
Memphis, TN 38103
Attorneys for US Bank

Mr. Jerry Morgan, Esq.
Wilson & Associates PLLC
8 Cadillac Drive Ste 120
Nashville, TN 37027
Attorneys for Wilson & Associates PLLC


This the  30th  day of March 2016.

/s/ Drayton D. Berkley
**DRAYTON D. BERKLEY, ESQ.**

ADDENDUM

## DESIGNATION OF THE RECORD OF THE LOWER COURT

RE 1-1[10]    Page ID# 6-15    COMPLAINT

RE 1-1[11]    Page ID#16-113    AMENDED COMPLAINT

RE 1-2[12]    Page ID# 131-136    OBJECTION

RE 1-2[13]    Page ID# 149-175    RESPONSE

RE 7-1[14]    Page ID# 213-223    VERIFIED ANSWER

RE 1[15]    Page ID# 1-5    NOTICE OF REMOVAL

RE 4[16]    Page ID# 192-199    US BANK ANSWER

RE 5[17]    Page ID# 200-201    CONSENT TO REMOVE

RE 7[18]    Page ID# 207-209    MOTION TO REMAND

RE 12[19]    Page ID# 245-247    SCHEDULING ORDER

RE 15[20]    Page ID# 254-257    REPLY REMAND

RE 16[21]    Page ID# 258-253    ORDER DENY REMAND

---

[10] August 7, 2014
[11] August 8, 2014
[12] August 15, 2014
[13] August 22, 2014
[14] August 29, 2014
[15] August 29, 2014
[16] September 5, 2014
[17] September 9, 2014
[18] September 13, 2014
[19] September 29, 2014
[20] October 6, 2014

| RE 24[22] | Page ID# 297-359 | MOTION FOR S.J. |
| RE 27[23] | Page ID# 366-407 | RESPONSE TO MOTION |
| RE 27-1[24] | Page ID# 368-371 | MOTION TO STRIKE |
| RE 32[25] | Page ID# 430-474 | MEMORANDUM S.J. |
| RE 33[26] | Page ID# 475 | JUDGMENT |
| RE 34[27] | Page ID#476 | NOTICE OF APPEAL |
| RE 36[28] | Page ID#478-479 | MOTION BOND |
| RE 39[29] | Page ID#494-499 | RESPONSE |
| RE 40[30] | Page ID#500-502 | ORDER DENYING BOND |
| RE 41[31] | Page ID#503-504 | AMENDED NOTICE |

---

[21]October 10, 2014
[22]May 29, 2015
[23]July 14, 2015
[24]July 14, 2015
[25]October 20, 2015

[26]October 20, 2015
[27]November 17, 2015
[28]December 3, 2015
[29]December 30, 2015
[30]January 4, 2016
[31]January 31, 2016

C:\Users\drayton\Desktop\drayton berkley\Drayton Berkley\ROBERTSON MORTGAGE LITIGATION\PLEADINGS\APPEAL\March 29, 2016 Robertson Brief Part 2.doc